IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JAIME JIMENEZ-RUIZ,

    Plaintiff,

    v.

SPIRIT AIRLINES, INC., et al.,

    Defendants.

Civil No. 10-2087 (GAG)

**OPINION AND ORDER**

Plaintiff Jaime Jimenez-Ruiz ("Plaintiff" or "Jimenez") filed a complaint against Spirit Airlines, Inc. ("Spirit" or "Defendant") invoking the court's diversity jurisdiction. The complaint alleges that Jimenez suffered bodily injuries while disembarking an aircraft owned and operated by Spirit. Plaintiff seeks damages under Puerto Rico's general tort law statute for Spirit's negligence.

Presently before the court is Spirit's motion to dismiss (Docket No. 12). Spirit moved to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7) on grounds of federal preemption and failure to join indispensable parties. Plaintiff opposed the motion (Docket No. 17). By leave of the court, Spirit filed a reply to Plaintiff's opposition motion (Docket No. 20). After reviewing these submissions and the pertinent law, the court **DENIES** Defendant's motion to dismiss at Docket No. 12.

**I.    Factual and Procedural Background**

Plaintiff is a resident of San German, Puerto Rico. Defendant Spirit Airlines, a Delaware corporation with its principal place of business in Florida, is a domestic air carrier duly certified by the United States Department of Transportation to transport persons, baggage, cargo and mail over certain domestic and international routes approved and supervised by the Federal Aviation Administration. (See Docket No. 4 at 5 ¶ 1b.) Spirit operated the jet aircraft used for the flight alleged in the present complaint between Fort Lauderdale-Hollywood International Airport in Fort Lauderdale, Florida ("FLL") and Rafael Hernandez International Airport in Aguadilla, Puerto Rico

**Civil No. 10-2087 (GAG)**                                   2

("BQN"). (See Docket No. 4 at 5 ¶ 1d.) Flight NK 195 ("NK 195") was scheduled to depart FLL on January 4, 2010 at 23:25 EST, and arrive at BQN at 2:40 AST on January 5, 2010. (See Docket No. 4 at 6 ¶ 1e.) NK 195 arrived at BQN sometime between 3:30 a.m. and 4:00 a.m. Jimenez was a passenger on board flight NK 195. (See Docket No. 4 at 6 ¶ 1f.)

The terminal building at BQN does not have jet bridges. Aircraft passengers arriving at BQN disembark by mobile ramp stairs. Plaintiff alleges that he slipped and fell on the second to last step of a mobile ramp while deplaning NK 195, which resulted in injuries to his chest, hands, arms, legs and feet. He avers that Sprit acted negligently by failing to (1) dry the steps of the mobile ramp, (2) apply anti-slip tape to the steps, (3) illuminate the area, and (4) warn passengers about the mobile ramp's dangerous conditions. Plaintiff further contends that Spirit breached its duty to exercise reasonable care by allowing passengers to disembark NK 195 under the dangerous conditions.

Plaintiff filed the instant complaint against Spirit on November 5, 2010 (Docket No. 1) seeking damages for negligence under Puerto Rico's general tort law statute, Article 1802 of the Civil Code of Puerto Rico ("Article 1802"), P.R. Laws Ann. tit. 31, § 5141. On March 4, 2011, Spirit filed a motion to dismiss (Docket No. 12) on the grounds that Plaintiff's claims are preempted by federal law, and that Plaintiff failed to join indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure. Plaintiff responded with a motion in opposition (Docket No. 17) and Spirit replied (Docket No. 20).

**II.    Discussion**

    **A.    Failure to State a Claim**

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is

plausible on its face." Twombly, 550 U.S. at 570.  The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555.  In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

**1.    Preemption**

Defendant contends that Plaintiff's Puerto Rico tort law claims are preempted by the Airline Deregulation Act ("ADA"), 49 U.S.C. §§ 40101 *et seq*.  The ADA's express preemption clause prohibits a state from enacting or enforcing "a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713 (b)(1). The term "related to" is to be interpreted to preempt state law claims "having a connection with, or reference to, airline rates, routes, or services." American Airlines, Inc. v. Wolens, 513 U.S. 219, 223 (1995) (quoting Morales v. Trans World Airlines, Inc., 504 U.S. 374, 384 (1992)) (internal quotations marks omitted).  However, not all claims are subject to preemption as some state actions may affect airline prices, routes, or services in "too tenuous, remote, or peripheral a manner . . . to have a pre-emptive effect." Morales, 504 U.S. at 390 (citations omitted).

Defendant moves to dismiss Plaintiff's personal injury claims arguing they relate to a "service" provided by Spirit, and are therefore preempted.  Defendant argues that Plaintiff's claims would impose additional economic burdens on its disembarking "services,"[1] as well as additional

---

[1] Spirit proposes that "[its] decision to contract the services of a third party to provide all of its ground handling operations at BQN is a business decision directly affecting the manner in which it offers its services at BQN." (See Docket No. 12-1 at 5.)

**Civil No. 10-2087 (GAG)**                                4

warning requirements to those already mandated by federal law. (See Docket No. 12-1 at 3.) Plaintiff counters that his claims are not preempted because the ADA does not preempt state laws claims for damages as a result of negligent acts or omissions.

Thus, the issues addressed by the parties turns on "the meaning of the term 'service' in the portion of the [ADA] that pre-empts any state law 'related to price, route, or service of an air carrier.'" Northwest Airlines, Inc. v. Duncan, 531 U.S. 1058, 1058 (2000) (O'Connor, J., dissenting from a denial of a petition for writ of certiorari) (citing 49 U.S.C. § 41713(b)(1)). Particularly, whether Plaintiff's personal injury state law claims for negligence "relate to" airline "services."

The ADA does not define the term "service," nor has the Supreme Court interpreted it.[2] While the First Circuit has not directly addressed the meaning of the term,[3] other Courts of Appeals "have taken directly conflicting positions" on the statuary interpretation. DeTerra v. America West Airlines, Inc., 226 F. Supp. 2d 274, 277 (D. Mass. 2002); see also Northwest Airlines, 531 U.S. at 1058. Because no controlling precedent has issued from the Supreme Court or the First Circuit, the court looks to other circuits for guidance.

The Ninth Circuit has held that the term "service" refers "to the prices, schedules, origins and destinations of the point-to-point transportation of passengers, cargo, or mail," but not the "provision of in-flight beverages, personal assistance to passengers, the handling of luggage, and similar amenities." Duncan v. Northwest Airlines, Inc., 208 F.3d 1112, 1114-15 (9th Cir. 2000) (quoting

---

[2] The Supreme Court has suggested "that ['services'] encompasses access to flights and class-of-service upgrades." Northwest Airlines, Inc., 531 U.S. at 1058 (quoting American Airlines, Inc. v. Wolens, 513 U.S. 219, 226 (1995)) (internal quotation marks omitted).

[3] The First Circuit affirmed a district court decision finding that a plaintiff's state tort-based claims were preempted under the ADA. Chukwu v. Board of Directors British Airways, 889 F. Supp. 12, 13-14 (D. Mass. 1995), *aff'd mem. sub nom.* Azubuko v. Board of Directors, British Airways, 101 F.3d 106 (1st Cir. 1996). In the affirmed decision, the District Court of Massachusetts had found that the boarding of a flight was "a process uniquely within the service provided and controlled by air carriers." Chukwu, 889 F. Supp. at 13-14. According to Chukwu, "[c]laims involving services provided by individual airline employees directly to passengers, such as ticketing, boarding, in-flight service, and the like, are related to airline services under [the ADA], and therefore preempted." Id. at 13 (citations omitted) (internal quotation marks omitted).

Charas v. Trans World Airlines, Inc., 160 F.3d 1259, 1261 (9th Cir. 1998)) (internal quotation marks omitted). This interpretation has been accepted by the Third Circuit. Taj Mahal Travel, Inc. v. Delta Airlines, Inc., 164 F.3d 186, 194 (3d Cir. 1998).

However, the Second, Fourth, Fifth, Seventh, and Eleventh Circuits have adopted a much broader definition. According to the Fifth Circuit, "ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself," are part of airline "services." Hodges v. Delta Airlines, Inc., 44 F. 3d 334, 336 (5th Cir. 1995). The Seventh Circuit echoes this interpretation. See Travel All Over the World v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1433 (7th Cir. 1996). The Fourth Circuit has held that "[u]ndoubtedly, boarding procedures are a service rendered by an airline." Smith v. Comair, Inc., 134 F.3d 254, 259 (4th Cir. 1999). The Eleventh Circuit has also adopted the Fifth Circuit's definition of "services" to include boarding procedures and baggage handling. See Koutsouradis v. Delta Air Lines, Inc., 427 F.3d 1339, 1343 (11th Cir. 2005). The Second Circuit rejected a narrow interpretation, noting that "a majority of the circuits have held that the term refers to the provision or anticipated provision of labor from the airline to its passengers and encompasses matters such as boarding procedures . . . [as well as other] matters incidental to and distinct from the actual transportation of passengers." Air Transport Association of America, Inc. v. Cuomo, 520 F.3d 218, 223 (2d Cir. 2008) (holding that requiring airlines to provide food, water, electricity, and restrooms to passengers during lengthy ground delays relates to the "service" of an air carrier).

The court notes that the instances in which claims have been preempted because they relate to "services" mostly involved "*services provided by individual airline employees directly to passengers*, such as ticketing, boarding, in-flight service, and the like." Dudley v. Business Exp., Inc., 882 F. Supp. 199, 206 (D.N.H. 1994) (emphasis in original) (citations omitted) (internal quotation marks omitted). "[T]hese cases generally concern implementation of airline policies, such as those relating to bumping [and] denial of boarding, . . . and typically implicate elements of the air carrier service bargain." Id. (citations omitted) (internal quotation marks omitted); see Onoh v. Northwest Airlines, Inc., 613 F.3d 596 (5th Cir. 2010) (holding that an airline agent's decision to prevent passenger from boarding was related to airline's provision of "services" and, thus,

**Civil No. 10-2087 (GAG)**                                6

preempted); <u>Weiss v. El Al Israel Airlines</u>, 309 Fed. Appx. 483 (2d Cir. 2009) (finding that an airline's refusal to seat confirmed passengers due to deliberate overbooking was related to the airline's service, and therefore, plaintiff's tort claim was preempted); <u>Reed v. Delta Airlines, Inc.</u>, 2011 WL 1085338 (S.D.N.Y. Mar. 23, 2011) (finding that a plaintiff's tort claims based on airline's refusal to allow plaintiff and her puppy to board a flight to Ghana were preempted by the ADA); <u>Seymour v. Cont'l Airlines, Inc.</u>, 2010 WL 3894023 (D.R.I. Oct. 4, 2010) (dismissing plaintiff's claims on preemption grounds because the refusal to modify an airline's late check-in boarding procedures is related to "service").

This is not the situation in the present case.  Plaintiff's claims do not arise out of the negligent performance of such "services."  Here, Plaintiff is suing for personal injuries sustained while exiting an aircraft.  Where a plaintiff invokes traditional elements of tort law and the issue of preemption arises, "the courts almost uniformly have resolved against federal preemption." <u>Dudley</u>, 882 F. Supp. at 206 (quoting <u>Margolis v. United Airlines, Inc.</u>, 811 F. Supp 318, 322 (E.D. Mich. 1993)) (internal quotation marks omitted).

The Ninth Circuit has found that "Congress did not intend to preempt passengers' run-of-the-mill personal injury claims." <u>Duncan</u>, 208 F.3d at 1114 (quoting <u>Charas</u>, 160 F.3d at 1261 (internal quotation marks omitted)).  According to the Ninth Circuit, "the imposition of liability as a result of a personal injury action does not sufficiently interfere with objectives of airline deregulation to warrant preemption of action." <u>Duncan</u>, 208 F.3d at 1115.  The Third Circuit has also found that Congress did not intend to preempt personal injury state tort claims, noting that the requirement that airlines have insurance for bodily injury claims would otherwise "make little sense." <u>Taj Mahal Travel, Inc.</u>, 164 F.3d at 194 (considering it "highly unlikely that claims caused by careening service carts and plummeting luggage were to be removed from state adjudication.")  The Fifth Circuit likewise found that "federal preemption of state laws, even certain common law actions 'related to services' of an air carrier, does not displace state tort actions for personal physical injuries or property damages caused by operation and maintenance of aircraft." <u>Hodges</u>, 44 F. 3d at 336 (holding that a state tort claim for personal injury resulting from fellow passenger opening overhead compartment was not preempted because it related to the operation of the aircraft, not its

services). The Tenth Circuit and the Eleventh Circuit have held that personal injury claims based on aircraft design defects were also not preempted. <u>Cleveland v. Piper Aircraft Corp.</u>, 985 F.2d 1438 (10th Cir. 1993); <u>Public Health Trust v. Lake Aircraft, Inc.</u>, 992 F.2d 291 (11th Cir. 1993). This court has similarly expressed that "state personal injury claims of plaintiffs based on airline 'safety' or lack thereof are not expressly preempted by [the ADA]" because the "alleged damages claims are not 'related to' the *routes, rates*, and *services* provided by [the air carrier]." <u>Rodriguez v. American Airlines, Inc.</u>, 886 F. Supp. 967, 971 (D.P.R. 1995) (emphasis in original).

The court finds the aforementioned case law persuasive and holds that personal injury claims based on a state's general negligence law are not expressly preempted by the ADA. A general claim for personal injury, "does not emanate from any state regulation of the airlines, rather from the Puerto Rico Civil Code." <u>Perez-Ramos v. Spirit Airlines, Inc.</u>, 2009 WL 890484 at *3 (D.P.R. Mar. 25, 2009) (noting that the ADA was aimed at breaking down state regulations that impeded efficient competition in the air travel industry, and thus, a discrimination claim arising from state laws that do not regulate airlines is not necessarily preempted.) The fact that the ADA does not contain a remedy for personal injury claims further supports the inference that Congress intended state tort actions to persist. <u>Stone ex rel. Estate of Stone v. Frontier Airlines, Inc.</u>, 256 F. Supp. 2d 28, 40 (D. Mass. 2002); see <u>Margolis</u>, 811 F. Supp. at 324-25 ("Because Congress has not provided any remedy for an airline passenger who suffers personal injury due to the negligence of the airline and its employees, preemption should not apply to a claim under common law negligence to recover for personal injury.").

In the present case, Plaintiff's claim stems from a slip and fall that occurred while disembarking NK 195. This claim does not "relate to" airline "services." It simply affects airline services in a "too tenuous, remote, or peripheral manner," to fall within the purview of the statutory preemption provision. The court finds that allowing a state law remedy in the present case will not create an irreconcilable conflict between federal and state regulation. Accordingly, Spirit's motion to dismiss Plaintiff's state law claims as preempted by the ADA is **DENIED**.

### B.     Failure to Join Indispensable Parties

Defendant also moves to dismiss this case pursuant to Federal Rule of Civil Procedure

**Civil No. 10-2087 (GAG)**                8

12(b)(7) claiming that, pursuant to Federal Rule of Civil Procedure 19 ("Rule 19"), Plaintiff has failed to join the owner and exclusive operator of the mobile ramp, Western Aviation Services Corp. ("WASCO"), and the entity responsible for the area's lighting, the Puerto Rico Ports Authority ("PRPA").[4]  Plaintiff contends that WASCO and PRPA are potential joint tortfeasors, and, consequently, their joinder is not required.

Parties should be joined, when feasible, if they are "necessary" to the action according to the criteria laid out in Rule 19(a).[5] See FED.R.CIV.P. 19(a). "Joinder is not feasible if it would deprive the court of subject matter jurisdiction." Z & B Enterprises, Inc. v. Tastee-Freez Intern., Inc., 162 Fed. Appx. 16, 20 (1st Cir. 2006). Subject matter jurisdiction in the instant complaint is based on diversity. Diversity jurisdiction in the federal courts requires complete diversity between all of the plaintiffs and defendants. Halleran v. Hoffman, 966 F.2d 45, 47 (1st Cir. 1992). The presence of one non-diverse party divests the court of jurisdiction over the entire action. In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007).

There currently exists complete diversity among the parties. Plaintiff is domiciled in Puerto Rico, while Defendant is a corporation incorporated in Delaware and has its principal place of

---

[4] Pursuant to Federal Rule of Civil Procedure 12(b)(7), a defendant may request the dismissal of a case where the plaintiff has failed to join a party pursuant to Federal Rule of Civil Procedure 19. FED.R.CIV.P. 12(b)(7); Picciotto v. Continental Casualty Co., 512 F.3d 9, 16 n.10 (1st Cir. 2008).

[5] According to Rule 19(a), an absent party is necessary if:
(1) in that person's absence, the court cannot accord complete relief among existing parties; or (2) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED.R.CIV.P. 19(a); see Picciotto, 512 F.3d at 16. A party only has to meet one of these criteria to show necessity. Picciotto, 512 F.3d at 16 n.11.

business in Florida.[6] WASCO and PRPA are both domiciliaries of Puerto Rico.[7] Thus, their joinder in the present action is not feasible, as it would destroy diversity and divest the court of subject matter jurisdiction. See Richardson v. F.B.I., 2011 WL 1428968 at *2 (D.S.C. Mar. 8, 2011) (finding no diversity jurisdiction because the plaintiff and all the named defendants, including a South Carolina state agency, are residents of South Carolina).

If a necessary party cannot be joined in the action without divesting the court of subject-matter jurisdiction, Rule 19(b) provides additional criteria for determining whether the necessary party is "indispensable." This requires the court "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED.R.CIV.P 19(b). If a party is found to be indispensable, the court must dismiss the case. See B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 516 F.3d 18, 23 (1st Cir. 2008). Rule 19(b) specifies four factors to guide this indispensability inquiry:

> (1) To what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which any prejudice can be lessened or avoided by protective provisions in the judgment, by the shaping of relief, or other measures;[8] (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

FED.R.CIV.P. 19(b). The First Circuit has recognized that no set weight is afforded to any of the factors, nor do the factors represent an exhaustive list of what should be considered. See Kellogg

---

[6] For purposes of diversity jurisdiction, a corporation is deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c). The word "State" includes the Commonwealth of Puerto Rico. 28 U.S.C. § 1332(e).

[7] WASCO's principal office is in Aguadilla, Puerto Rico. (See Docket No. 12-3 at 1.) PRPA, as a Puerto Rico agency, is a resident of Puerto Rico. Estrada v. Sea-Land Service, Inc., 939 F. Supp. 129, 133 (D.P.R. 1996) (noting that PRPA is a resident of Puerto Rico).

[8] In regard to the second factor, Defendant contends that discussing it is "completely speculative at this stage" and "not a burden that [the] [c]ourt should bear in this case." (See Docket No. 12-1 at 13.)

USA, Inc., 516 F.3d at 23 (citing Associated Dry Goods Corp. v. Towers Fin. Corp., 920 F.2d 1121, 1124 (2d Cir. 1990)).  Where the substantive rights of parties are founded on state law, it is essential that state law be examined to determine whether a party is in fact indispensable under Rule 19(b). See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 125 n.22 (1968) (noting that the determination of whether a party is indispensable is ultimately a question of federal law, but is determined by the interests of the parties under state law).  Furthermore, "a court may take into account other considerations in determining whether or not to proceed without the absentee as long as they are relevant to the question of whether to proceed in equity and good conscience."  B. Fernandez & Hnos, Inc., 516 F.3d at 23 (citations omitted) (internal quotation marks omitted).

Defendant argues that it will be "severely prejudice[d]" by a judgment rendered in WASCO and PRPA's absence because it "may end up vicariously paying for liability belonging exclusively to the absentees[,]" and it "would be forced to pursue separate actions to vindicate [Spirit's] right and to obtain any amount improperly paid to the plaintiff."  (See Docket No. 12-1 at 13.)  Defendant further avers that proceeding without WASCO and PRPA would not resolve the dispute efficiently because proceeding without the liable parties will force additional judicial actions for contribution and indemnity in state court.  Defendant adds that it "will needlessly create the possibility of inconsistent judgments or the imposition of multiple obligations upon Spirit." (See Docket No. 12-1 at 14.)  Defendant provides no legal authority for its contentions.

Plaintiff pleads tort liability under Article 1802, which provides that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done."  P.R. Laws Ann. tit. 31, § 5141.  The fact that WASCO and PRPA might be responsible for the conditions of the mobile ramp involved in this action does not make Spirit vicariously liable.  "As a general rule, an individual is only liable for his own acts or omissions and only by exception is an individual liable for the acts or omissions of others."  Pastrana-Lopez v. Ocasio-Morales, 2010 WL 4137553 at *10 (D.P.R. Oct. 21, 2010) (citations omitted).  A third party can only be liable for the acts or omissions of others "when clearly specified in the law."  Id. (citations omitted).  The instances in which vicarious liability is applicable are "expressly enumerated in [Article] 1803 of the [Puerto Rico] Civil Code."  P.R. Laws Ann. tit. 31, § 5142; see

Torres Perez v. Medina Torres, 13 P.R. Offic. Trans. 96 ("The doctrine unanimously deems that said enumeration is *limitative* and is not a mere collection of examples." (emphasis added)). The facts in this case do not fall within any of these exceptions.[9] Plaintiff alleges that *Spirit* is responsible for his bodily injuries as a result of *Spirit's own* negligence. (See Docket No. 1 ¶¶ 22-23). Moreover, Plaintiff alleges that *Spirit* –who is in the business of transporting persons, and, thus, subject to "the highest degree of care"– breached *its* duty of care by allowing its passengers to disembark NK 195. (See Docket No. 1). Even if WASCO and PRPA were responsible for the conditions of the mobile ramp, Spirit can still be responsible for its own acts or omissions. Spirit would still be obligated to pay damages if it were determined that it was negligent or breached its duty of care to Plaintiff, regardless of WASCO and PRPA's liability.

"In Puerto Rico, when a negligent act is caused by the actions of more than one person, each person is a joint tortfeasor and is liable in full to the plaintiff for the harm caused." Garcia Colon v. Garcia Rinaldi, 340 F. Supp. 2d 113, 126 (D.P.R. 2004) (citations omitted). "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Temple v. Synthes Corp. Ltd., 498 U.S. 5, 7 (1990) (citations omitted). "If one thing is clear in respect to Rule 19, it is that, unlike a person vicariously liable in tort, a person potentially liable as a joint tortfeasor is not a necessary or indispensable party, but merely a permissive party subject to joinder under Rule 20." Pujol v. Shearson American Exp., Inc., 887 F.2d 132, 137 (1st Cir. 1989) (citations omitted). WASCO and PRPA are not indispensable parties, inasmuch as their liability under the law is as potential joint tortfeasors.

Furthermore, nothing would be "improperly paid to the plaintiff" as Defendant contends.

---

[9] In short, Article 1803 establishes that: (1) parents are liable for the minor children living with them; (2) guardians are liable for the minors or incapacitated persons who are under their authority and live with them; (3) owners or directors of an establishment or enterprise are liable for their employees "in the service of the branches in which the latter are employed or on account of their duties;" (4) masters or directors of arts and trades are liable for their pupils or apprentices while under their custody; and (5) the Commonwealth of Puerto Rico is vicariously liable "under the same circumstances and conditions as those under which a private citizen would be liable." P.R. Laws Ann. tit. 31, § 5142.

"Under Puerto Rico law, joint tortfeasors are joint and severally liable." Garcia Colon, 340 F. Supp. 2d at 126 (citations omitted).  Article 1098 of the Civil Code of Puerto Rico establishes that "[t]he payment made by any of the joint debtors extinguishes the obligation." P.R. Laws Ann. tit. 31, § 3109.  "The right to contribution . . . is allowed as between joint tortfeasors whereby one who has paid in excess of his percentage of liability may demand the corresponding proportional shares from the others." Wojciechowicz v. U.S., 474 F. Supp. 2d 291, 295 (D.P.R. 2007) (citations omitted).  The right to contribution "accrues when a joint tortfeasor pays more than his proportional share of liability and there is no requirement that the joint tortfeasors be impleaded as third-party defendants . . . or that a cross-claim for contribution be asserted in the suit filed by an injured claimant." Id. (citations omitted).  "Contribution may be asserted by way of a separate suit after payment to claimant has been effected." Id. (citations omitted).  Therefore, if Spirit were found to be liable, it must pay for one hundred percent of the damages claimed by Plaintiff.  Spirit then would have the option of filing an independent case alleging a civil action for contribution.

Lastly, Defendant asserts that Plaintiff will still have an adequate remedy available if the action is dismissed for nonjoinder because he may still file in state court.  Plaintiff could have sued WASCO and PRPA in state court, but deliberately decided not to do so.  See Flynn v. Hubbard, 782 F.2d 1084, 1089 (1st Cir. 1986) ("We see no reason why, in a tort action, the plaintiff's choice of defendant should be nullified by substituting under the guise of intervention different tort-feasors than the one against whom the suit was brought.").  "[A]s 'masters of their complaint,' plaintiffs have the right to select the defendants they wish to sue and the forum in which to bring their action." Delgado Ortiz v. Irelan, 830 F.Supp 68, 72 (D.P.R. 1993).  A defendant "may, as a third-party plaintiff serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it," pursuant to Federal Rule of Civil Procedure 14(a).[10]  FED.R.CIV.P. 14(a). Accordingly, the court **DENIES** Defendant's motion to dismiss for failure to join an indispensible

---

[10] Defendant contends that because its contractual agreement with WASCO precludes it from suing WASCO for indemnity and contribution in federal court as a third party defendant "full justice [can] only [be] afforded in state court."  (See Docket No. 12-1 at 7.)  However, the court disagrees with this conclusion, as Defendant has failed to provide legal support for its argument.

**Civil No. 10-2087 (GAG)**                                   13

party.

### IV.     Conclusion

For the reasons set forth above, the court **DENIES** Defendant's motion to dismiss at Docket No. 12.

**SO ORDERED**.

In San Juan, Puerto Rico this 16th day of June, 2011.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge